Matter of Brandon D. v Taylor E. (2025 NY Slip Op 07259)

Matter of Brandon D. v Taylor E.

2025 NY Slip Op 07259

Decided on December 24, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 24, 2025

CV-24-1558
[*1]In the Matter of Brandon D., Appellant,
vTaylor E., Respondent.

Calendar Date:November 12, 2025

Before:Pritzker, J.P., Fisher, McShan, Powers and Mackey, JJ.

James P. Youngs, Syracuse, for appellant.
Donald S. Thomson, Horseheads, for respondent.
Lisa A. Natoli, Norwich, attorney for the child.

Pritzker, J.P.
Appeal from an order of the Family Court of Chenango County (Michael Genute, J.), entered August 7, 2024, which, in a proceeding pursuant to Family Ct Act article 6, dismissed the petition.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of the subject child (born in 2019). In November 2020, Family Court issued an order of custody and visitation, granting the mother sole custody and the father parenting time as agreed upon by the parties. In November 2021, Norwich City Court (Genute, J.) issued an order of protection in favor of the mother and the child that remained in effect for three years. The order of protection prohibited any contact, except for "contact, communication or access permitted by a subsequent order issued by a family or supreme court in a custody[,] visitation or child abuse or neglect proceeding." In or around April 2022, the father filed a petition for modification of the order of custody and visitation. Soon thereafter, in June 2022, the father began serving a nine-year determinate sentence based upon a conviction of criminal possession of a weapon in the second degree and attempted burglary in the first degree.
Multiple appearances occurred during the ensuing two years, apparently in both Chemung County,[FN1] where the petition was initially filed, and Chenango County, where the petition was later transferred. Over the course of multiple appearances in Chemung County Family Court, discussions were held regarding the recommendation of the attorney for the child (hereinafter AFC) to resolve the petition by allowing the father to have written correspondence with the child, that would be supervised by the AFC, given the order of protection prohibited the father from having contact with the mother. The AFC also suggested that phone calls between the father and child may be appropriate, but only if the mother had someone who could supervise the calls, again citing the order of protection. There was no on-the-record review of the order of protection or a discussion of its terms. The mother indicated that she only supported letter correspondence. The father was not agreeable and requested an attorney. The AFC provided the father with her address so he could send letters to her to forward to the child, and Family Court adjourned the matter.
Multiple court appearances followed and, when a settlement could not be reached, a fact-finding hearing ensued. After testimony by the father and the mother, Family Court stated that it had a couple questions for the mother. During this time, the court realized, apparently for the first time, that the November 2021 order of protection contained stay-away provisions in favor of both the mother and the child. The court then dismissed the father's petition to modify the custody order due to lack of standing and ordered that the November 2020 order of custody remain in full force and effect. The father appeals.
On appeal, all parties concede, and this Court agrees[*2], that Family Court erred in dismissing the father's petition for lack of standing. Generally, "where a criminal court order of protection bars contact between a parent and child, the parent may not obtain visitation until the order of protection is vacated or modified" (Matter of Donnie HH. v Ashley II., 174 AD3d 988, 989 [3d Dept 2019] [internal quotation marks and citations omitted]). "Correspondingly, any modifications to an order of protection issued by [a court] would have to come from that court" (Matter of Robert B. [Paula C.-Tinker A.], 180 AD3d 1250, 1253 [3d Dept 2020], lvs denied 35 NY3d 911 [2020], 35 NY3d 911 [2020], 35 NY3d 911 [2020]; see Matter of Pedro A. v Gloria A., 168 AD3d 1152, 1153 [3d Dept 2019]). However, a "[c]riminal [c]ourt has authority to determine whether its order of protection will be subject to Family Court orders" (Matter of Brianna L. [Marie A.], 103 AD3d 181, 186 [2d Dept 2012]). Accordingly, since the order of protection expressly provided Family Court with the authority to order contact, the father was not precluded from seeking contact with the child, and the court erred in dismissing his petition and said determination must be reversed (see Matter of Brianna L. [Marie A.], 103 AD3d at 188-189).
On appeal, all parties agree, as does this Court, that at fact-finding the father established the requisite change in circumstances warranting a best interests determination (see Matter of Melissa H. v Jordan G., 238 AD3d 1296, 1297 [3d Dept 2025]; Matter of Jesse FF. v Amber GG., 222 AD3d 1254, 1255 [3d Dept 2024]). Thus, with this threshold inquiry met, all that must be determined is what, if any, contact with the father is in the best interests of the child (see Matter of Brooke PP. v Joshua QQ., 240 AD3d 1047, 1048 [3d Dept 2025]). "Although [this Court's] fact-finding authority is as broad as that of Family Court, given the passage of time since the fact-finding hearing [and the expiration of the order of protection], we remit the matter to Family Court for further updated fact-finding, if necessary," and for the fashioning of a visitation order that is in the best interests of the child (Matter of Shirreece AA. v Matthew BB., 166 AD3d 1419, 1425 [3d Dept 2018] [internal citations omitted]; see generally Matter of Melissa H. v Jordan G., 238 AD3d at 1301).
Fisher, McShan, Powers and Mackey, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Chenango County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: The record does not contain any transcripts from the appearances in Chemung County, but does contain a notice of motion requesting a change of venue to Chenango County.